UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINDAYE SIDI-MAHMOUD (A 245-026-436),<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEXT DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-06881-TLN-CSK<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner Mindaye Sidi-Mahmoud (A 245-026-436), a native and citizen of Mauritania who is proceeding without counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] In June 2023, petitioner was paroled into the United States. When petitioner appeared at an immigration court hearing on July 28, 2025, U.S. Immigration and Customs Enforcement ("ICE") officials detained him. Petitioner is now subject to a final order of removal. This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends that the petition for writ of habeas corpus be dismissed.

## I. FACTUAL BACKGROUND

In June 2023, petitioner arrived in the U.S. and was granted humanitarian parole pursuant

[1] Petitioner is proceeding in forma pauperis. This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

to 8 U.S.C. §1182(d)(5)(A). (ECF No. 1 at 7.) He later applied for asylum and employment authorization. (Id. at 8.) On July 28, 2025, when petitioner appeared at a scheduled hearing in immigration court, ICE officials detained him. (Id. at 8). On September 16, 2025, an immigration judge ("IJ") denied petitioner's applications for asylum and related relief and entered and order of removal. (ECF No. 9-2.) Petitioner appealed the removal order, but the Board of Immigration Appeals ("BIA") dismissed the appeal on April 27, 2026. (ECF No. 9-1.) Petitioner then filed a petition for review and requested a stay of removal with the Ninth Circuit Court of Appeals. (ECF No. 1 at 25-27.) The Ninth Circuit denied the motion to stay removal on August 13, 2026. (ECF No. 9-4.)

## II. PROCEDURAL BACKGROUND

On August 28, 2026, petitioner filed his petition for writ of habeas corpus, a motion to proceed in forma pauperis, and a motion to appoint counsel. (ECF Nos. 1-3.) On September 1, 2026, the district judge referred the matter to the assigned magistrate judge for all further proceedings and prohibited petitioner's transfer out of this district. (ECF No. 5.) On September 9, 2026, respondent timely filed a motion to dismiss. (ECF No. 9.) Petitioner filed an opposition to the motion on September 18, 2026. (ECF No. 11.) Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondent's motion to dismiss, or after an answer to the petition has been filed.

## IV. DISCUSSION

Petitioner claims that prolonged detention without an individualized hearing violates his Fifth Amendment right to due process. Respondent contends that petitioner's detention, which now falls under 8 U.S.C. §1231(a), remains lawful.

### A. Relevant Statutory Authority

In analyzing petitioner's challenge to his detention, the court "must first identify the statutory provision that purports to confer" authority for his detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). The Court concludes that petitioner is currently detained pursuant to 8 U.S.C. § 1231(a)(6).

When petitioner was detained on July 28, 2025, removal proceedings against him were still pending. Petitioner claims that respondent improperly classified his detention under 8 U.S.C. §1225(b) rather than §1226(a) and that he had been unlawfully deprived of a custody redetermination hearing. The Court agrees that § 1226(a), rather than § 1225(b), provided the appropriate detention authority while removal proceedings remained pending, and that petitioner could have raised a viable due process claim during that time. See, e.g., Zazueta Valenzuela v. Warden/Facility Administrator, No. 1:26-cv-07737-TLN-CKD, 2026 WL 3001826 (E.D. Cal. Oct. 6, 2026), findings and recommendations adopted by Elizabeth Z.V. v. Warden/Facility Administrator, 2026 WL 3073723 (E.D. Cal. Oct. 13, 2026); Edmond v. Chestnut, No. 1:26-cv-7018-TLN-CKD, 2026 WL 3071594 (E.D. Cal. Oct. 14, 2026), findings and recommendations adopted by Angelo E. v. Chestnut, 2026 WL 3220265 (E.D. Cal. Oct. 27, 2026). However, as

discussed below, by the time petitioner filed the habeas petition, he had become subject to a final order of removal, which shifted the detention authority.

Once a final order of removal has been issued, detention is governed by 8 U.S.C § 1231. Detention is mandatory during the 90-day "removal period" following the entry of a final order of removal. See 8 U.S.C. § 1231(a)(1)-(2). "This 'removal period' begins on the latest of either (1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and the court stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." Avilez v. Garland, 69 F.4th 525, 531 (9th Cir. 2023) (quoting 8 U.S.C. § 1231(a)(1)(B)(i)-(iii)). Petitioner's removal order became administratively final on April 27, 2026, when the BIA dismissed petitioner's appeal. Though the Ninth Circuit is reviewing the removal order, it has not stayed petitioner's removal. The 90-day removal period therefore began on April 27, 2026, when the removal order became final.

Respondent contends that the 90-day period has been suspended, claiming that petitioner "actively obstructed his removal by refusing to board the commercial flight on August 28, 2026." (ECF No. 9 at 2.) See 8 U.S.C. §1231(a)(1)(C) ("The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."). In his opposition to respondent's motion to dismiss, petitioner stated that he did not refuse to get on the plane but rather informed various officers of his pending habeas petition and petition for review and requested that removal be postponed pending the outcome of the pending petitions. (ECF No. 11 at 2.) The record does not indicate that petitioner obstructed the procurement of travel documents or execution of the removal order. Petitioner acted within his rights to file the habeas petition and request that ICE await the outcome. These actions did not suspend the 90-day removal period, which ended on July 26, 2026.

Detention after the expiration of the removal period is governed by 8 U.S.C. § 1231(a)(6). After the 90-day removal period has elapsed, ongoing detention is authorized for those who are

inadmissible under 8 U.S.C. §1182, removable under certain subsections of §1227, or who DHS determines to be a risk to the community or unlikely to comply with the order of removal. 8 U.SC. § 1231(a)(6). Because an immigration judge found petitioner removable under I.N.A. § 212(a)(6)(A)(i) (8 U.S.C. §1182(a)(6)(A)(i)), petitioner's detention beyond the 90-day removal period is permitted by 8 U.S.C. §1231(a)(6).

**C. Due Process**

Petitioner raises a due process claim based on the length of his detention, which has exceeded six months. The Supreme Court examined the constitutional limits of detention under § 1231(a)(6) in Zadvydas v. Davis, describing as "obvious" the "serious constitutional problem arising out of a statute that, in these circumstances, permits an indefinite, perhaps permanent, deprivation of human liberty without any" procedural "protection[s.]" 533 U.S. at 692 (2001). Zadvydas read an implicit due process limitation into the immigration statute governing the removal of noncitizens subject to a final order of removal in order to avoid serious constitutional problems. The Supreme Court reasoned that "the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. As a result, "once [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Zadvydas, 533 U.S. at 699. In order to establish a uniform standard for determining when ongoing detention crosses constitutionally acceptable limits, the Court recognized a presumptively reasonable six month period of post-removal order detention. Zadvydas, 533 U.S. at 701. After that period, if a noncitizen "provides a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

Petitioner has been detained for over six months since the date his removal order became final. Detention has thus exceeded the presumptively reasonable six-month period. However, petitioner has not provided a reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. The Ninth Circuit has denied petitioner's request for a stay of removal (ECF No. 9-4) and the pending petition for review does not affect the finality of the

removal order. See 8 U.S.C. §1231(a)(1)(B)(ii). ICE has obtained a valid travel document and has previously arranged for petitioner's removal to Mauritania. (ECF No. 9-3, 9-5.) This district court's order preventing petitioner's transfer outside of the Eastern District of California does not prevent petitioner's removal, and the no transfer order will no longer be in effect when the district court enters its judgment in this matter. (ECF No. 5.) Because petitioner has not demonstrated that removal is no longer likely in the foreseeable future, his detention pursuant to 8 U.S.C. §1231(a)(6) remains lawful.

## V. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is DENIED WITHOUT PREJUDICE; and

IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 9) be granted;
2. This action be DISMISSED WITHOUT PREJUDICE.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to

/ / /

/ / /

file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 4, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

11/sidi6881.157.2241.imm